### In re CROWELL.
### Patent Appeal No. 2287.

Court of Customs and Patent Appeals.
April 14, 1930.

Rehearing Denied May 19, 1930.

682

Harry B. Rook, of Newark, N. J., for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant made application July 2, 1926, for a patent on improvements on gauges. The record is imperfect, but there seem to have been fifteen claims submitted, the last of which was submitted under rule 68 of the Patent Office, and was added for the consideration of the Board of Appeals. All claims were rejected, and claims 13, 14, and 15 were taken to the Board of Appeals by appellant for review. Claim 14 was withdrawn, and the appeal was dismissed as to said claim. Claims 13 and 15 were finally rejected. They are as follows:

"13. A gauge for indicating air content in a mixture of water vapor and air wherein the temperature and the pressure have a normal definite relation when no air is present in the mixture and vary from said normal relation upon variations in the amount of air content, said gauge comprising a movable indicator, means for moving said indicator in response to variations in temperature of said mixture, a second indicator movable relatively to the first indicator over a common path, and means for moving said indicator in response to variations in the pressure of said mixture, said second indicator coinciding in position and being movable with said first indicator when no air is present in the mixture, whereby relative movement and a spaced relation of said indicators indicate variations in the amount of air in said mixture."

"15. A gauge for indicating the presence and approximate amount of air in a vacuum heating system, comprising two indicators independently movable over a common path, means movably responsive to variations in temperature, means movably responsive to pressures below atmospheric, means operatively connecting each of said responsive means and one of said indicators so that said indicators are moved in accordance with variations in temperature and variations in pressure respectively, one of said connecting means including mechanism to compensate for the non-uniformly changeable relation between variations in temperature and variations in pressure and said connecting means being adjusted relative to each other to cause said indicators to coincide and move together when no air is present in the system, and a scale in said common path containing temperature graduations and pressure graduations arranged in relations corresponding to those of the actual respective temperatures and pressures of water vapor devoid of air below atmospheric pressure."

The rejection was made on reference to Haseltine, Brit., 2,687, of October 17, 1866.

The device upon which a patent is sought is a gauge to be used on steam boilers used in connection with so-called vapor or vacuum systems. As described in the drawings and specifications, it consists, briefly, of a circular dial, upon which is placed a chart bearing plotted curves and scales, which, by means of two hands or pointers which move over the same, indicates the degrees of heat and pressure in the boiler. The applicant states that the efficiency of a vapor or vacuum heating system is reduced by the presence of air in the boiler, piping, and radiators, that water vapor at a certain temperature has a certain corresponding pressure, and that, if air be mixed with said vapor, it has another corresponding pressure, according to the quantity of air included in the mixture. These ratios being known and worked out upon the dial charts, it is possible, by means of the position of the pointers at any time, to not only ascertain the temperature of the vapor, but also the percentage of air contained in the system. It will be observed, from the claims quoted, nothing is claimed on the charts or scales; the only claim of invention is upon the mechanism. Claims for these scales have been allowed by the Office. The applicant has so arranged his pointers and scales as to indicate temperatures between 165 degrees F., and 225 degrees F. When no air is present in the system, the movement of the two pointers coincides; when air is present, the pressure corresponding increases, and the pressure indicator advances beyond the temperature indicator.

The appellant shows his pressure hand or indicator to be motivated by a Bourdon tube, having one fixed end and the other end movable, connected with the indicator by means of a link, a quadrant lever, and a pinion and rotating spindle. As the pressure increases or decreases, the hand will move accordingly, and, by comparison with the temperature indicator and the scale, the amount of air in the system can be ascertained. The temperature indicator is actuated by a thermostatic strip with one end fixed in a well or recess, and with the movable end connected with the hand or indicator by means of intervening mechanism which causes the indicator to move back and forth across the scale as the temperature varies.

The appellant contends that the patent to Haseltine, referred to, does not disclose either the same mechanism or accomplish the same result, as does his. Haseltine discloses a gauge of the same circular shape as that of appellant and with scales and two hands or indicators which show, respectively, the temperature and pressure of the steam contained in the boiler to which the gauge is attached. When the steam is in its natural or saturated condition, whatever the pressure may be, the temperature varies equally with the pressure, and the movement of the hands coincides. When, however, the steam is superheated, the movement of the hands does not coincide, and the operator, by the divergence of the hands and by reading the scale, can ascertain the degree of superheating.

Haseltine discloses two methods of indicating pressure on the gauge. One is by means of a diaphragm which is depressed, moving an arm, which, in turn, sets in motion other means which rotate the hand or indicator. The second method, however, is the one of interest here. This device employs a Bourdon tube filled with mercury, which, by means of a link connected with its loose end, moves a segment of a cogged wheel and rotates the hand. He also states an alternative method of indicating temperature, as follows:

"I propose in some instances to employ a stout bar, made one side of iron and the other side of brass, as shown by $T^1$ mounted by the side of a flat mercury tube $U^1$, see Figure 14. It may be mounted in a similar manner, and the superior expansion and contraction of the brass side as the temperature rises and sinks will induce a straightening or the reverse in the bent bar, so as to operate the index."

As we view the matter, this is a complete anticipation of the appellant's device.

It is argued that Haseltine's device will not indicate the amount of air in a vacuum or vapor system. No reason is apparent why it will not do so, if fitted with a proper scale. In other words, as the Board of Appeals puts it, it seems to be "a mere matter of calibration." Exactly the same methods are employed in both cases to ascertain the temperature and pressure of water vapor. As the appellant has already received a patent upon his scale, and claims nothing for it here, if the devices otherwise operate in the same manner, obtaining the same results, there is no invention.

It is insisted by appellant that the Haseltine device does not disclose that it will indicate pressures and temperatures at points below the normal atmospheric pressure. An inspection of the chart or scale shown on Haseltine's figure 12 discloses that appellant is in error in this respect. This scale shows the ordinary atmospheric pressure of fifteen pounds and at the same place the corresponding boiling point of water, 212 degrees F., and continues the scale below that point to an atmospheric pressure of ten pounds and a corresponding boiling point of 195 degrees F. Irrespective of this fact, the devices being practically identical both in construction and operation, the Haseltine device will, necessarily, perform every function performed by appellant's.

It is argued that the Haseltine patent, being foreign, cannot be measured as anticipatory by what might be made of it, but must clearly disclose the invention defined in appellant's claims. That is the law as we have announced it in Re Gillam (Cust. & Pat. App.) 37 F.(2d) 959, decided March 3, 1930. As we have said, however, we have concluded that the Haseltine reference clearly discloses the invention.

If the descriptions and drawings of a foreign patent contain or exhibit a substantial representation of the patented invention in full, clear, and exact terms, so as to enable a person skilled in the art or science to which it appertains, without the necessity of making experiments, to practice the invention, then it will be a complete anticipation. Permutit Co. v. Harvey Laundry Co. (C. C. A.) 279 F. 713.

The Board of Appeals called the attention of the Examiner, under rule 139 of the Office, to the fact that allowed claim 2 seemed to be subject to the same objections which have been made to claims 13 and 15. The appellant waived the right to return to the Examiner for reconsideration of this claim, and now insists here that the Board was in er-

ror in so holding. We agree with the Board in its conclusions. Obviously this claim suggests no features not present in claims 13 and 15.

The decision of the Board of Appeals is affirmed.

Affirmed.